IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: BEAR CREEK TECHNOLOGIES INC. ('722 PATENT LITIGATION) )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>VERIZON SERVICES CORP., VERIZON BUSINESS NETWORK SERVICES INC. and MCI COMMUNICATIONS SERVICES, INC. )<br>)<br>Defendants. ) | MDL No. 12-md-2344 (GMS)<br>Civil Action No. 12-cv-600 (GMS) |

## ORDER

WHEREAS, on June 27, 2012, the plaintiff, Bear Creek Technologies, Inc. ("Bear Creek") filed a Motion to Modify the Protective Order Related to Verizon (D.I. 10, 12-md-2344), seeking to modify the Protective Order the parties entered into before U.S. Magistrate Judge Anderson on November 15, 2011 in the U.S. District Court for the Eastern District of Virginia (the "Protective Order") (*id.* at 1);

WHEREAS, the Protective Order prohibits litigation counsel for Bear Creek from participating in prosecution activities with respect to U.S. Patent No. 7,889,722 ("the '722 Patent"), with an exception that states that the "prosecution bar does not apply to any reexamination proceeding before the U.S. Patent and Trademark Office that is initiated by any Verizon defendant in this action" (D.I. 11 at 1, 12-md-2344);

WHEREAS, the Eastern District of Virginia *Bear Creek Technologies, Inc. v. Verizon Services Corp., et al.* action was transferred to the U.S. District Court for the District of

Delaware on May 13, 2012 and included in *In re Bear Creek Technologies, Inc. Patent Litigation* multidistrict action, 12-md-2344 (GMS);

WHEREAS, Bear Creek seeks a modification of the Protective Order because the Protective Order exempted reexamination proceeding initiated by Verizon, but did not extend the exemption to proceedings initiated by other parties (*id.*);

WHEREAS, Bear Creek urges the court to modify the Protective Order to clarify that the prosecution bar does not apply to any reexamination proceeding before the Patent and Trademark Office initiated by any defendant in the current multidistrict proceedings and, in so doing, "to give effect to the recognition that the case now involves multiple defendants, rather than just Verizon" (*id.*);

WHEREAS, on July 2, 2012, Verizon filed an Answering Brief in opposition to Bear Creek's motion, asserting that modification of the Protective Order is inappropriate because: (1) Bear Creek seeks, with this motion, to relitigate issues that have already been fully briefed, argued, and decided by the U.S. District Court for the Eastern District of Virginia[1] (D.I. 219 at 1, 12-cv-600); and (2) as the scope of the Protective Order has already been decided by another court, Bear Creek must show, on a counsel-by-counsel basis, that an exemption for a particular attorney or a particular purpose is warranted and Bear Creek has not made this showing (*id.*);

WHEREAS, the Federal Circuit has clarified that where a separate court has already found that a party met its burden with respect to the need for a prosecution bar on reexamination

---

[1] Specifically, Verizon argues that the U.S. District Court for the Eastern District of Virginia already decided the proper scope of the prosecution bar and, therefore, that the proper course of action for Bear Creek to pursue modification is to seek an exemption for a particular attorney and for a particular purpose. (D.I. 219 at 1.) Verizon notes that the parties engaged in an extensive meet-and-confer process regarding the scope of the Protective Order and filed cross-motions focused on their proposals as well as supplemental briefing. (*Id.* at 3-4.) On November 16, 2011, the U.S. District Court for the Eastern District of Virginia adopted Verizon's proposal after consideration of these submissions and issued a Protective Order to that end. (*Id.* at 4.)

proceedings, as Verizon has done in this case, the burden shifts to the other party to prove an exemption on a counsel-by-counsel basis[2];

WHEREAS, the Federal Circuit has further clarified that showing that an exemption is needed on a counsel-by-counsel basis requires demonstrating that: (1) counsel's representation of the client in matters before the Patent and Trademark Office does not and is not likely to implicate competitive decision making related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation; and (2) the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use[3];

WHEREAS, in consideration of the parties' submissions and the relevant law, the court agrees with Verizon that Bear Creek must request exemption for a particular attorney or a particular purpose if it seeks to modify the Protective Order, because the scope of the Protective Order was already litigated and decided in another court;

WHEREAS, the court further concludes that Bear Creek has not, at this juncture, made the showing required to warrant counsel-by-counsel exemption to participate in reexamination proceedings[4];

---

[2] *See In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373 (Fed. Cir. 2010).

[3] *See id.* at 1381.

[4] As Verizon correctly notes, Bear Creek has not made any showing on a "counsel-by-counsel basis" and instead states that "Verizon asserted that exemptions to the prosecution bar should be considered if and when Bear Creek showed a need." (D.I. 216 at 15.) Verizon, however, clarifies that, in making this assertion, it stated "should Bear Creek seek a specific exemption from the prosecution bar for a particular attorney and for a particular purpose in the future, then Bear Creek may demonstrate on a counsel-by-counsel basis why such an exemption is warranted." (D.I. 42 at 7-8; D.I. 216 at Exh. C.) Though Bear Creek may do so at a later stage, it has not, at this point, sought a specific exemption for a particular attorney and for a particular purpose nor made any demonstration on a counsel-by-counsel basis to show why an exemption is warranted. Because Bear Creek has failed to make this showing, its motion is denied.

IT IS HEREBY ORDERED that Bear Creek's Motion to Modify the Protective Order Related to Verizon (D.I. 10, 12-md-2344) is DENIED.

Dated: July 5, 2012

_____
CHIEF, UNITED STATES DISTRICT JUDGE