IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: BEAR CREEK TECHNOLOGIES INC. ('722 PATENT LITIGATION) | MDL No. 12-md-2344 (GMS) |
| COMCAST CABLE COMMUNICATIONS, LLC, Plaintiff, v. BEAR CREEK TECHNOLOGIES, INC., Defendant. | C.A. No. 11-cv-721 (GMS) |
| CHARTER COMMUNICATIONS, INC., Plaintiff, v. BEAR CREEK TECHNOLOGIES, INC., Defendant. | C.A. No. 11-cv-722 (GMS) |
| BEAR CREEK TECHNOLOGIES, INC., Plaintiff, v. VONAGE HOLDINGS CORPORATION, VONAGE AMERICA, INC., and VONAGE MARKETING, LLC, Defendants. | C.A. No. 11-cv-723 (GMS) |
| BEAR CREEK TECHNOLOGIES, INC., Plaintiff, v. CSC HOLDINGS, INC., Defendant. | C.A. No. 11-cv-724 (GMS) |

| | |
|---|---|
| BEAR CREEK TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ) <br> MEDIACOM COMMUNICATIONS ) <br> CORPORATION and MEDIACOM ) <br> BROADBAND, LLC, ) <br> ) <br> Defendants. ) | C.A. No. 11-cv-725 (GMS) |
| BEAR CREEK TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ) <br> QWEST COMMUNICATIONS ) <br> INTERNATIONAL, INC. and QWEST ) <br> COMMUNICATIONS CO., LLC, ) <br> ) <br> Defendants. ) | C.A. No. 11-cv-726 (GMS) |
| BEAR CREEK TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ) <br> T-MOBILE USA, INC., ) <br> ) <br> Defendant. ) | C.A. No. 11-cv-727 (GMS) |
| BEAR CREEK TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ) <br> 8X8, INC., ) <br> ) <br> Defendant. ) | C.A. No. 11-cv-728 (GMS) |

| | |
|---|---|
| BEAR CREEK TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AT&T, INC.; SBC INTERNET SERVICES, INC. ) <br> d/b/a AT&T INTERNET SERVICES; and AT&T ) <br> TELEHOLDINGS, INC., ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 11-cv-729 (GMS) |
| BEAR CREEK TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ) <br> TIME WARNER CABLE, INC. and ) <br> BRIGHT HOUSE NETWORKS, LLC, ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 11-cv-730 (GMS) |
| BEAR CREEK TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ) <br> COX COMMUNICATIONS, INC. and COX ) <br> VIRGINIA TELECOM LLC, ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 12-cv-565 (GMS) |
| BEAR CREEK TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ) <br> APTELA, INC., ) <br> ) <br> Defendant. ) <br> ) | C.A. No. 12-cv-566 (GMS) |

| | |
|---|---|
| BEAR CREEK TECHNOLOGIES, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>)<br>PRIMUS TELECOMMUNICATIONS, INC. and )<br>LINGO, INC., )<br>)<br>Defendants. )<br>_____) | C.A. No. 12-cv-567 (GMS) |
| BEAR CREEK TECHNOLOGIES, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>)<br>RCN CORPORATION and RCN TELECOM )<br>SERVICES, LLC, )<br>)<br>Defendants. )<br>_____) | C.A. No. 12-cv-568 (GMS) |
| BEAR CREEK TECHNOLOGIES, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>)<br>VERIZON SERVICES CORPORATION, )<br>VERIZON BUSINESS NETWORK SERVICES, )<br>INC., and MCI COMMUNICATIONS SERVICES,)<br>INC., )<br>)<br>Defendants. )<br>_____) | C.A. No. 12-cv-600 (GMS) |

## **ORDER**

WHEREAS, on May 11, 2012, the Judicial Panel on Multidistrict Litigation filed a Conditional Transfer Order (D.I. 5), transferring the above-captioned actions to the U.S. District Court for the District of Delaware as a Multidistrict Litigation ("MDL");

WHEREAS, Bear Creek Technologies, Inc. ("Bear Creek") filed suit against the

defendants in the above-captioned actions and their affiliates on February 22, 2011 in the Eastern District of Virginia, claiming that these defendants (or affiliates) were directly infringing its U.S. Patent No. 7,889,722 ("the '722 Patent") by making, using, selling, offering for sale, operating, advertising, and/or marketing Voice over Internet Protocol ("VoIP") products, systems, or services" (*see, e.g.*, 11-cv-721 (GMS), D.I. 1);

WHEREAS, Bear Creek originally joined these separate defendants together in one litigation in order to litigate the common issues of law and fact together and avoid inconsistent rulings (D.I. 62 a 4), until, on August 17, 2011, the defendants were severed and dismissed, with the exception of RCN Corporation, for misjoinder (*id.*);

WHEREAS, in comparison to the other instant actions, the *Bear Creek v. Verizon Services Corp.* action ("*Verizon* action"), 12-cv-600 (GMS), proceeded relatively quickly, such that a *Markman* hearing was held—though no *Markman* construction order was issued—and the parties were scheduled to go to trial on May 1, 2012 (*id.* at 4-5);

WHEREAS, the *Verizon* action was ultimately stayed pending the Judicial Panel on Multidistrict Litigation's decision as to the MDL, despite no party in the *Verizon* action requesting a stay or to be joined in the proposed MDL (*id.* at 5);

WHEREAS, the *Verizon* action was transferred to the District of Delaware as part of the MDL on May 11, 2012;

WHEREAS, on March 1, 2013, the defendants in all but four of the above-captioned actions filed a Motion to Stay Pending Reexamination[1] (D.I. 54) with an accompanying brief in

---

[1] The following defendants joined the Motion to Stay Pending Reexamination (D.I. 54), filed on March 1, 2013: Comcast Cable Communications, LLC (11-cv-721 (GMS)); Charter Communications, Inc. (11-cv-722 (GMS)); Vonage Holdings Corporation, Vonage America, Inc., and Vonage Marketing, LLC (11-cv-723 (GMS)); CSC Holdings, Inc. (11-cv-724 (GMS)); Mediacom Communications Corporation and Mediacom Broadband LLC (11-cv-725 (GMS)); Qwest Communications International, Inc. and Qwest Communications Company, LLC (11-cv-726 (GMS)); T-Mobile USA, Inc. (11-cv-727 (GMS)); 8X8, Inc. (11-cv-728 (GMS)); AT&T, Inc., SBC Internet Services, Inc. d/b/a AT&T Internet Services, and AT&T Teleholdings, Inc. (11-cv-729 (GMS)); Time Warner Cable, Inc. and

support (D.I. 55);

WHEREAS, defendants Aptela, Inc. (12-cv-566 (GMS)), Primus Telecommunications, Inc. and Lingo, Inc. (12-cv-567 (GMS)), RCN Corporation and RCN Telecom Services, LLC (12-cv-568 (GMS)), and Verizon Services Corporation, Verizon Business Network Services, Inc., and MCI Communications Services, Inc. (12-cv-600 (GMS)), did not join the other moving defendants' Motion to Stay Pending Reexamination (D.I. 54);

WHEREAS, despite not joining the moving defendants' motion to stay, it appears, based on the moving defendants' representation in their March 1, 2013 Opening Brief in support of the Motion to Stay Pending Reexamination, that the non-moving defendants do not oppose a stay (D.I. 55 at 1 ("No party other than Bear Creek opposes the relief requested herein."));

WHEREAS, the court further notes that the non-moving defendants have joined the moving defendants in their agreement, with respect to the reexamination, to be "estopped in these matters from challenging the validity of [asserted] claims as being obvious under 35 U.S.C. § 103, on the basis of any of the four combinations of prior art asserted by Cisco in its petition for reexamination and used by the PTO in its findings," should the court "stay as to all defendants" pending the outcome of the '722 Patent's *inter partes* reexamination (D.I. 70 at 1; D.I. 69 at 2);

WHEREAS, Bear Creek argues that the defendants' Motion to Stay (D.I. 54) should be denied because: (1) the patent-in-suit has already been subjected to two *ex partes* reexaminations and the submitted claims were not canceled in either action (D.I. 62 at 1-2); (2) at the time it submitted its Answering Brief, no Office Action had been issued in connection with the recently granted *inter partes* reexamination, reinforcing the fact that the court cannot infer whether issues will be simplified (*id.* at 2); (3) it will be "unduly prejudiced and will suffer a clear tactical

---

Bright House Networks, LLC (11-cv-730 (GMS)); and Cox Communications, Inc. and Virginia Telecom, LLC (12-cv-565 (GMS)).

3

disadvantage" should the stay be granted, particularly since Cisco—a non-party to this action and supplier of many of the defendants—did not seek the *inter partes* reexamination at issue until six months after these actions were initiated in February 2011; (4) the prejudice resulting from a stay will prove significant, as reexaminations often take thirty-six months to complete (Transcript of March 19, 2013 Office Conference ("Tr.") (D.I. 63) at 20:3-21:9); and (5) a stay would allow the defendants to "use the Cisco Reexam to test invalidity arguments and delay this litigation, and at the same time, will likely argue that they are not estopped by the Cisco Reexam" (D.I. 62 at 2);

WHEREAS, in response to Bear Creek's arguments, the moving defendants assert that a stay is appropriate in the above-captioned matter pending resolution of the Cisco *inter partes* reexamination because it would assist in simplifying the issues to be litigated in this forum and would not unduly burden or prejudice any party or present a tactical disadvantage in this litigation (D.I. 70);

WHEREAS, in support of these assertions, the moving defendants contend that a stay pending reexamination would achieve these ends because: (1) all defendants have agreed that should the "reexamination certificate be based on a finding that one or more of the original claims of the '722 Patent is valid over one or more of the four combinations of prior art asserted by Cisco under 35 U.S.C. § 103," all defendants would be "estopped in these matters from challenging the validity of such claims as being obvious . . . on the basis of any of the four combinations of prior art asserted by Cisco in its petition for reexamination and used by the PTO in its findings,"[2] thus

---

[2] As noted in their Reply Brief (D.I. 69), the specific terms of the defendants' stipulation to be bound by the results of the '722 Patent *inter partes* reexamination are detailed in Ex. 22. (D.I. 69 at Ex. 22.) Specifically, the defendants agree that:
   (1) the cases should be stayed until the '722 *inter partes* reexamination is completed;
   (2) should the '722 *inter partes* reexamination conclude with a reexamination certificate having been issued by the PTO, and such reexamination certificate is based on a finding that one or more of the original claims of the '722 patent is valid over one or more of the four specific combinations of prior art asserted by Cisco under 35 U.S.C. § 103, Defendants shall be estopped in these matters from challenging the validity of such claims as being obvious under 35 U.S.C.

4

negating Bear Creek's concern that it would be prejudiced by the defendants being able to "test" their validity arguments via the *inter partes* reexamination (D.I. 70 at 1-2); (2) the *inter partes* reexamination will likely result in a simplification of issues, in that the PTO has already found preliminarily that the '722 Patent is entitled to a priority date of February 22, 2004, seven years later than the priority date that Bear Creek alleges and several years after a number of the defendants were already practicing their allegedly infringing products[3]; (3) further simplification will likely result due to the fact that the PTO has separately and preliminarily found that there are four separate combinations of prior art that could invalidate all twenty-two claims of the patent and Bear Creek would have to prevail on all four for the patent to remain valid (D.I. 69 at 3); (4) simplification is also possible as, since Bear Creek filed its Answering Brief, the PTO issued a 91-page first Office Action rejecting all claims of the '722 Patent on each of the four separate grounds raised in the Request for Reexamination[4] (*id.* at 1-2); (5) Bear Creek's estimate that the

---

§ 103, on the basis of one or more specific combinations of prior art asserted by Cisco and used by the PTO in its findings;

(3) regardless of the outcome of the '722 *inter partes* reexamination, Defendants shall not be estopped from relying upon any of the individual prior art references asseted by Cisco in the '722 *inter partes* reexamination for the purpose of arguing that any claim of the '722 patent is: (i) anticipated pursuant to 35 U.S.C. § 102; or (ii) obvious in light of combinations of prior art not specifically relied on by Cisco in the '722 *inter partes* reexamination;

(4) Defendants shall not be estopped from asserting that the '722 patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 112, or on any other ground not specifically identified above.

(D.I. 69 at Ex 22.)

[3] Specifically, the Office Action states that "the '722 Patent includes a defective claim for priority, which causes it to receive different effective filing dates for its claim limitations according to the filing date of the application where the limitation was first introduced." (D.I. 69 at 4 (citing Office Action at 11).) For instance, the Office Action notes that Figures 7-15 and the accompanying description were introduced in a parent application filed on February 3, 2004" and, after conducting a priority date analysis, rejected each claim based on obvious combinations that included U.S. Patent Nos. 6,954,453 to Schindler et al. (*Id.*) Thus, the PTO's rejections based on combinations including Schindler indicate that the PTO has concluded that each of the '722 Patent's claims suffer from the "defective claim for priority." (*Id.* (citing Office Action at 76-90; Order Granting *Inter Partes* Reexamination (Ex. 1 at Br.) at 30-33).)

[4] The defendants also note, in support of their argument, that: (1) the PTO granted the instant *inter partes* reexamination request under the new standard, which requires that the requesting party demonstrate "a reasonable likelihood that it will prevail with respect" to the asserted claims (Tr. at 10:16-22); and (2) in only eleven percent of cases in which all claims come out of an *inter partes* reexamination are those claims confirmed," such that the court can assume that there will be cancelations or modifications to the claims (*id.* at 10:23-11:2).

reexamination will take approximately thirty-six months is questionable in light of the fact that the examiner here was involved in the *ex parte* reexaminations and is already familiar with the material (*id.* at 3-4); (6) Bear Creek is now a non-practicing entity comprised solely of the '722 Patent's inventor, undermining its prejudice assertions (*id.* at 5-6); and (7) the litigation is still in its early stages (*id.* at 7-8);

WHEREAS, a decision to stay a litigation lies within the sound discretion of the court and represents an exercise of the court's "inherent power to conserve judicial resources by controlling its own docket"[5] and it is well settled that this authority extends to patent cases in which a PTO review has been requested[6];

WHEREAS, courts assessing whether to grant a motion to stay are tasked with considering: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set"[7];

WHEREAS, in consideration of the moving defendants' Motion to Stay Pending Reexamination, the parties submissions in connection therewith, the oral argument conducted at the March 19, 2013 hearing, and the relevant law, the court concludes that these factors, taken together, favor granting the defendants' Motion to Stay[8];

---

[5] *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985); *see also Nokia Corp. v. Apple, Inc.*, No. 09-791-GMS, 2011 WL 2160904, at *1 (D. Del. June 1, 2011).

[6] *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination.").

[7] *First Am. Title Ins. Co. v. McLaren LLC*, C.A. No. 10-cv-363 (GMS), 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012) (quoting *Xerox Corp. v. 3 Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 199)).

[8] The court finds, for the reasons that follow, that granting a stay in this matter pending completion of the '722 Patent *inter partes* reexamination is appropriate because: (1) a stay will aid in simplifying the issues presented in these matters; (2) the litigation is still at an early stage; and (3) Bear Creek will not suffer undue prejudice as a result of the stay. First, the court concludes that staying this matter pending the completion of the '722 Patent *inter partes* reexamination will, in fact, simplify the issues presented in this litigation. Specifically, and as the defendants note in their Reply brief, the Office Action on the *inter partes* reexamination has rejected all claims of the '722 Patent on each of the four separate grounds raised in Cisco's request for reexamination. *See* Ex. 21, March 26, 2013, Office

6

Action. As noted, the Office Action also raises questions as to the effective priority date for the Patent, the determination of which could impact issues of validity and obviousness. *See id.* In light of these initial findings, the court finds that the results of the *inter partes* reexamination will likely simplify the issues before it. Indeed, the PTO's adoption of all four of Cisco's proposed grounds of rejection and its preliminary rejection of these claims suggests that there is a "reasonable chance that some or all of the patent-in-suit's claims will be cancelled." *See Nestle Oil Oyj v. Dynamic Fuels, LLC*, C.A. No. 12-662-GMS, 2013 WL 424754, at *5 (D. Del. Jan. 31, 2013). To this end, were the court to deny the defendants' motion and proceed with the litigation here, the court and the parties' time and resources could be wasted. *See, e.g., Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012) ("A patentee's statements during reexamination can be considered during claim construction, in keeping with the doctrine of prosecution disclaimer."). Thus, a stay will foster issue simplification and "maximize the likelihood that neither the [c]ourt nor the parties expend their assets addressing invalid claims." *See Giolelle Enters Ltd. v. Mattel, Inc.*, C.A. No. 99-375-GMS, 2001 WL 125340, at *2 (D. Del. Jan 29, 2001) (quotation marks omitted). The court notes that, in reaching this conclusion and for the reasons outlined, it is unpersuaded by Bear Creek's contention that the asserted claims will be confirmed in reexamination because they have not been cancelled in two prior *ex parte* reexaminations.

Second, the court further concludes that the above-captioned actions are at such an early stage as to not weigh against granting a stay pending *inter partes* reexamination. Specifically, each of the above-captioned actions, with the exception of *Bear Creek v. Verizon et al.*, 12-cv-600 (GMS), and *Bear Creek v. Aptela, Inc.*, 12-cv-566 (GMS), are in their very early stages. To date, the court has convened a Rule 16 Conference and the case management schedule for the MDL was filed on March 29, 2013. As detailed in the approved Scheduling Order, Fact and Expert Discovery is not due until May 23, 2014 and September 30, 2014, respectively, and a *Markman* hearing is not scheduled until March 18, 2014 in anticipation of an April 2015 trial date. According to the docket report for the MDL action, interrogatories and responses/objections thereto have been exchanged. Thus, the court concludes that these actions—excluding the *Verizon* and *Aptela* actions—are at such an "early stage" as to warrant a stay.

In addition, the court further concludes that, the *Verizon* and *Aptela* actions should be stayed pending completion of the *inter partes* reexamination. With respect to the *Aptela* action, the parties in that case exchanged proposed claim constructions and initial disclosures, and conducted limited discovery prior to the transfer of the action to the MDL. (D.I. 30 at 12.) The court finds this stage of the *Aptela* litigation to be sufficiently "early" to be a neutral factor in the stay analysis. Regarding the *Verizon* action, the court concludes that, while it is significantly further along in the litigation process than the other actions, that case should be stayed pending *inter partes* reexamination. While the parties dispute the current state of that litigation, it appears that the parties, pre-MDL transfer, engaged in discovery hearings, conducted expert discovery, received expert reports pre-*Markman* construction, participated in a *Markman* hearing, and was assigned a trial date. (*Id.* at 11.) As noted, the action was stayed, however, pending the MDL determination and, as a result, a *Markman* construction was not issued. Bear Creek maintains that it needs to conduct further expert examinations, take additional discovery, and obtain supplemental expert reports, due to the "passage of time" since the initial discovery, the pending *Markman* construction, and Verizon's modifications and updates to its telecommunications network. (*Id.* at 11 n.2.) Both parties also reserved their rights to supplement expert reports and further depose experts after the court issues its *Markman* decision, which the U.S. District Court for the Eastern District of Virginia confirmed. (*Id.* at 11 (citing Reporter's Tr., *Bear Creek Tech., Inc. v. Verizon Svcs. Corp.*, C.A. 1:11-cv-880, at 8-10 (E.D. Va. Jan. 19, 2012).) In view of these factors and the MDL coordination of these cases, the court concludes that the *Verizon* action should be stayed along with the other actions.

Third, the court concludes that Bear Creek will not be prejudiced by the granting of a stay in these actions during the pendency of the *inter partes* reexamination. Bear Creek asserts two main arguments in support of its assertion that it will suffer prejudice: (1) that the defendants will benefit from the *inter partes* reexamination in that Cisco can "audition" the invalidity arguments the defendants would present at trial and learn which are successful; and (2) that reexaminations average approximately thirty-six months and that this three-year delay of Bear Creek's actions would be unnecessary and unfair. (D.I. 62 at 11.) The court disagrees with each contention. With regard to the first argument, and as detailed above, the defendants have agreed that they will be bound by the results of the '772 Patent reexamination to the extent that they are "estopped from challenging the validity of the '722 Patent as obvious, pursuant to 35 U.S.C. § 103, based on the combinations of prior art presented by Cisco." (D.I. 69 at 2.) Despite Bear Creek's assertion that this estoppel is too limited and does not protect its interests (D.I. 71-1 at 1-2), the court finds the defendants' estoppel sufficient to guard against prejudice. Specifically, it is well-settled that a non-party to an *inter partes* reexamination request is not bound by the outcome of the request or the arguments made in it. *See Wireless Recognition Tech. v. A9.com, Inc.*, 2012 WL 4005459, at *3 (N.D. Cal. Sept. 11, 2012) (granting motion to stay pending reexamination and noting that "[b]ecause Defendants are not a party to the reexamination, they would not be estopped from raising in this action the same invalidity arguments covered by the reexamination."). The

7

IT IS HEREBY ORDERED that:

1. The defendants' Motion to Stay (D.I. 54) pending *inter partes* reexamination of the patent-in-suit is GRANTED[9];

2. Within thirty days of the conclusion of the '722 Patent *inter partes* reexamination, the parties shall notify the court of the status of the reexamination; and

3. The defendants shall file a separate proposed order detailing the parameters of their estoppel stipulation in connection with the '722 Patent *inter partes* reexamination for the court's approval.[10]

Dated: July 17, 2013

CHIEF, UNITED STATES DISTRICT JUDGE

---

defendants have agreed to do so in this case and the court finds the scope of their estoppel stipulation appropriate in that these defendants are not involved in the reexamination and should be allowed to assert arguments not raised by Cisco in that forum.

In addition, the court disagrees with Bear Creek's assertion that a stay in these actions would be unduly prejudicial. As an initial matter, the court is not convinced that the reexamination will take three years, despite the average length of reexaminations. As noted, the first Office Action has been issued and the examiner responsible for the reexamination is already familiar with the '722 Patent family, having previously examined the patent-in-suit and its parent, the '494 Patent. (D.I. 69 at 6.) Moreover, this examiner had previously decided the priority date issue that is raised in the '722 Patent reexamination by virtue of the '494 Patent examination. (*Id.*) Further, it is well-established that "delay, does not, by itself, amount to undue prejudice." *See ImageVision.Net v. Internet Payment Exchange, Inc.*, C.A. No. 12-054-GMS-MPT, 2012 WL 5599338, at *4 (D. Del. Nov. 15, 2012). Here, Bear Creek, as an entity, consists of the inventor of the '722 Patent and does not make, sell, or produce any products that compete with the defendants. To this end, it is clear that, even to the extent that the claims are affirmed by the PTO, Bear Creek will not be prejudiced because it can be compensated by money damages, including any appropriate interest accrued during the stay. In addition, even if the claims are ultimately rejected by the PTO, Bear Creek will benefit from the stay because it will not have to expend resources in two fora. Thus, in view of the foregoing, the court concludes that Bear Creek will not suffer undue prejudice by the granting of a stay in this action.

For the reasons stated above, and in the interest of judicial efficiency, the court exercises its discretion and stays this MDL, including all moving and non-moving defendants, pending the outcome of the *inter partes* reexamination.

[9] The court notes that some of the defendants filed individual motions to stay in each case. Therefore, in granting the instant motion, filed in the MDL Civil Action No. 12-md-2344, the court also grants the following motions to stay in individual action numbers: 11-cv-722 (GMS) (D.I. 20); 11-cv-724 (GMS) (D.I. 21); 11-cv-725 (GMS) (D.I. 26); 11-cv-726 (GMS) (D.I. 26); 11-cv-729 (GMS) (D.I. 36); 11-cv-730 (GMS) (D.I. 28); 11-cv-565 (GMS) (D.I. 57)

[10] The defendants detail the scope and limitations of their estoppel in a Proposed Order Granting Motion to Stay Pending Reexamination. (D.I. 70.) Because the court does not use this proposed order in granting the motion to stay, the court directs the defendants to file a separate proposed order outlining these estoppel terms.