## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: BEAR CREEK TECHNOLOGIES, INC. ('722) PATENT LITIGATION | ) ) ) ) | MDL No. 12-2344-GMS |
| COMCAST CABLE COMMUNICATIONS, LLC v. BEAR CREEK TECHNOLOGIES, INC. | ) ) ) ) | C.A. No. 11-721-GMS |
| CHARTER COMMUNICATIONS, INC. v. BEAR CREEK TECHNOLOGIES, INC. | ) ) ) ) | C.A. No. 11-722-GMS |
| BEAR CREEK TECHNOLOGIES, INC. v. VONAGE HOLDINGS CORPORATION, et al. | ) ) ) ) | C.A. No. 11-723-GMS |
| BEAR CREEK TECHNOLOGIES, INC. v. CSC HOLDINGS, LLC | ) ) ) ) | C.A. No. 11-724-GMS |
| BEAR CREEK TECHNOLOGIES, INC. v. MEDIACOM COMMUNICATIONS CORPORATION, et al. | ) ) ) ) ) | C.A. No. 11-725-GMS |
| BEAR CREEK TECHNOLOGIES, INC. v. QWEST COMMUNICATIONS INTERNATIONAL, INC., et al. | ) ) ) ) ) | C.A. No. 11-726-GMS |
| BEAR CREEK TECHNOLOGIES, INC. v. T-MOBILE USA, INC. | ) ) ) ) | C.A. No. 11-727-GMS |
| BEAR CREEK TECHNOLOGIES, INC. v. 8x8, INC. | ) ) ) ) | C.A. No. 11-728-GMS |
| BEAR CREEK TECHNOLOGIES, INC. v. AT&T INC., et al. | ) ) ) ) | C.A. No. 11-729-GMS |
| BEAR CREEK TECHNOLOGIES, INC. v. TIME WARNER CABLE, INC., et al. | ) ) ) ) | C.A. No. 11-730-GMS |
| BEAR CREEK TECHNOLOGIES, INC. v. COX COMMUNICATIONS, INC., et al. | ) ) ) ) | C.A. No. 12-565-GMS |
| BEAR CREEK TECHNOLOGIES, INC. v. APTELA, INC. | ) ) ) | C.A. No. 12-566-GMS |

| | |
|---|---|
| BEAR CREEK TECHNOLOGIES, INC. v. ) | C.A. No. 12-567-GMS |
| PRIMUS TELECOMMUNICATIONS, INC., et al. ) | |
| ) | |
| BEAR CREEK TECHNOLOGIES, INC. v. ) | C.A. No. 12-568-GMS |
| RCN CORPORATION, et al. ) | |
| ) | |
| BEAR CREEK TECHNOLOGIES, INC. v. ) | C.A. No. 12-600-GMS |
| VERIZON SERVICES CORP., et al. ) | |

## ORDER DETAILING SCOPE AND LIMITATIONS OF DEFENDANTS' ESTOPPEL

WHEREAS, on July 17, 2013, the Court stayed the above actions pending the conclusion of the *inter partes* reexamination of U.S. Patent No. 7,889, 722 (the " '722 patent'), and directed the defendants to submit a proposed order "detailing the parameters of their estoppel stipulation in connection with the '722 patent *inter partes* reexamination for the court's approval;" and

WHEREAS, in connection with seeking a stay pending the '722 patent *inter partes* reexamination, the defendants stipulated that they would agree to be estopped in these matters from challenging the validity of the '722 patent on the terms specified below;

NOW THEREFORE, it is hereby ORDERED that:

1. Should any of the claims of the '722 patent survive the '722 *inter partes* reexamination without being amended or narrowed, the defendants shall be estopped in these matters from challenging the validity of such claims as being obvious under 35 USC §103, on the basis of the one or more combinations of prior art asserted by Cisco and used by the PTO in its findings.

2. Regardless of the outcome of the '722 *inter partes* reexamination, the defendants shall not be estopped from relying upon any of the individual prior art references asserted by Cisco in the '722 *inter partes* reexamination for the purpose of arguing that any claim of the '722 patent is: (i) anticipated pursuant to 35 U.S.C. §102; or (ii) obvious in light of combinations of prior art not specifically relied on by Cisco in the '722 *inter partes* reexamination.

3. Regardless of the outcome of the '722 *inter partes* reexamination, the defendants shall not be estopped from asserting that the '722 patent is invalid for failure to satisfy the

{1350169;v2}

requirements of 35 U.S.C. §112, or on any other ground not specifically identified above in paragraph 1.

**IT IS SO ORDERED** this ___6th___ day of ___August___, 2013.

_____
Chief Judge